996 F.2d 311
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Richard MARTINEZ, Plaintiff-Appellant,
v.
CENTRAL NEW MEXICO CORRECTIONAL FACILITY, Joyce Kurht,
Director of Nursing; Lawrence Mason, Dr.,
Defendants-Appellees.
 No. 92-2281.
 United States Court of Appeals, Tenth Circuit.
 June 11, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Richard Martinez, proceeding pro se and in forma pauperis, brought this action under 42 U.S.C. § 1983 alleging he suffered cruel and unusual punishment due to deliberate indifference to his medical needs. The district court granted summary judgment for defendants. Mr. Martinez appeals, and we affirm.
 
 
 3
 Mr. Martinez is an inmate at the Central New Mexico Correctional Facility. In 1984, while incarcerated at another facility, Mr. Martinez sustained medical problems and underwent surgery. Due to this surgery and resulting ailments, Mr. Martinez has required constant medical treatment. In October 1989, the State of New Mexico contracted with a private company, Correctional Medical Systems, to provide medical services to inmates in the custody of the New Mexico Department of Corrections. Mr. Martinez' complaint centers on the medical treatment he received from Corrections Medical Systems. Mr. Martinez alleges he was denied both treatment and proper pain medication.
 
 
 4
 Both parties filed for summary judgment and the district court denied the motions. In doing so, the court ordered defendants "to investigate the incidents which form the bases for the lawsuit and to submit a report (Martinez report)." Rec., vol. II, doc. 29 at 7. After defendants filed the report, Mr. Martinez responded with timely objections. The court then sua sponte reconsidered defendants' summary judgment motion. The court found that, taking the statements in Mr. Martinez' response to defendants' report as true, Mr. Martinez did not state a claim for deliberate indifference. Rather, he "demonstrate[d] only differences of opinion as to the appropriate treatment of Mr. Martinez's back condition." Rec., vol. II, doc. 33 at 2.
 
 
 5
 Under the prevailing standards, a prisoner may establish a violation of the prohibition against cruel and unusual punishment by showing deliberate indifference to his medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). However, as the district court correctly stated, mere differences of opinion between an inmate and medical staff regarding treatment do not state a constitutional violation. Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir.1980), cert. denied, 450 U.S. 1041 (1981). This case does not involve a denial of access to medical treatment. In fact, Mr. Martinez was constantly seen by medical personnel. Mr. Martinez argues deliberate indifference on the part of defendants in that medical personnel refused to provide the necessary treatment. He contends that his pain medication was consistently altered or withheld. The Martinez report demonstrates that each change in medication was made for medical reasons. Rec., vol. II, doc. 31. Mr. Martinez also contends that he was denied treatment, specifically facet injections. However, after an off-site consultation, a doctor determined that facet injections were not a necessary part of the therapy. Id. Because Mr. Martinez is, in effect, arguing about the type of treatment he received, his argument amounts to a difference of opinion with the medical staff. See Ramos, 639 F.2d at 575. We therefore conclude that the district court did not err in granting summary judgment for defendants.
 
 
 6
 The opinion of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3